*85 OPINION.
Smith:
The points in issue in this case are (1) whether the Board has jurisdiction to review the disallowance of claimed deductions from the gross income of the year 1918 where such a disallowance does not result in the proposal of the assessment of an additional tax for 1918 but does affect the deficiency in tax for 1920; and (2) whether amounts paid by the taxpayer for steel rails, pipe, and pumps in 1918 and for a hoist for empty car equipment and cost of installing same for 1920 are deductible from gross income.
With respect to the first point it is contended by the Commissioner that the' Board has jurisdiction under the Revenue Act of 1924 to review' only deficiencies in tax relating to a given year, and that inasmuch as no deficiency in tax has been found in this case for any other year than 1920, the Board has no authority to consider whether the deductions from the gross income of 1918 which have been disallowed by the Commissioner were properly disallowed.
The Board is of the opinion that this contention is without merit. In the instant case the Board clearly has jurisdiction to consider the deficiency in tax found by the Commissioner for the year 1920. That deficiency in tax arose in part from a failure on the part of the Commissioner to allow as a deduction from the gross income of 1920 the excess of a net loss sustained by the taxpayer for the year 1919 in excess of the net income for the year 1918. Section 204(b) of the Revenue Act of 1918 clearly gives the taxpayer the right to this deduction. Since the Board clearly has the right to review the deficiency in tax found by the Commissioner for the year 1920, it necessarily follows that it has the right to determine the correctness of the excess of the net loss of the year 1919 over the net income of 1918 which is deductible from the gross income of 1920.
The question of what constitutes the ordinary and necessary expenses of an operating mine is stated by the' Commissioner in article 222 of Regulations 45 (1920 edition), as amended by Treasury Decision 3107, as follows:
All expenditures for plant and equipment shall be charged to capital account recoverable through depreciation, while the mine is in the development stage. Thereafter the cost of major items of plant and equipment shall be capitalized, but the cost of minor items of equipment of plant necessary to maintain the normal, output and the cost of replacement may be charged to current expense of operation.
The Board is of the opinion that the rails, pipe, and pumps purchased in 1918 and the hoist purchased in 1920 were merely for the *86 purpose of maintaining tlie output of the mine and that they constitute expenses of operation rather than capital outlay. The empty car equipment was installed for the purpose of reducing overhead. It was installed for the purpose of doing away with the services of a number of men. The Board is clearly of the opinion that the cost of the purchase of the equipment and also of installing it was capital outlay and as such was not deductible from the gross income of 1920.