WHITE ASH COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11364.    Promulgated February 23, 1928.

*James O. Tripp, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

## OPINION.

SIEFKIN: The petitioner in this proceeding relies upon article 222 of Regulations 45, and Treasury Decision 3107, issued December 29, 1920 (later included in Regulations 62 and Regulations 65), as authorizing the deduction from gross income of expenditures for items of equipment and plant "necessary to maintain the normal output," and rests its case upon the validity of those regulations. The position is identical with that considered in the *Appeal of Union Collieries Co.*, 3 B. T. A. 540, in which this Board said:

This Board must apply the statute directly to the facts and may not insert into the statute a classification which is not there expressly or by clear implica-

tion. When the statute provides for the deduction of ordinary and necessary expenses, the Board will determine whether, all things considered, the expenses in question are such, and this determination should not be made to depend alone upon whether they are major or minor items. Such an inquiry would only inject into the problem an additional question no simpler than the primary question. The article also adds, as a factor of deductibility, that the item is "necessary to maintain the normal output." We think this is unauthorized and to the extent that the opinion in *Appeal of Bruin Coal Co.*, 1 B. T. A. 83, adopts this criterion, it is overruled. In the *Winifrede* Appeal the properties in question, including mining machines, which are also in issue here, had a useful life of several years, and the Board held them to be capital items and their cost not deductible as expenses.

We adhere to the decision in the above case, and our decision must be for the respondent, no evidence having been introduced which enables us to determine that the items in question were properly deductible in the year in question.

*Judgment will be entered for the respondent.*